**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| LINDA DEJANA, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:11-CV-1690-JAR |
| ) | |
| MARINE TECHNOLOGY, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' Motions to Dismiss Defendants' Counterclaim. [ECF Nos. 80, 81] The motions are fully briefed and ready for disposition. For the following reasons, the motions will be denied.

**Background**

This case involves a products liability wrongful death action arising from a fatal powerboat accident. In their second amended complaint, Plaintiffs allege that the accident was a result of the defective design and manufacture of the subject boat, specifically the enclosed cockpit canopy safety system, and that Defendants failed to warn Plaintiffs of the alleged defect. (Second Amended Complaint for Wrongful Death Under General Maritime Law ("SAC"), Doc. No. 70, ¶ 9) Defendants filed a counterclaim for contribution against Plaintiffs for negligence in causing the death of the other:

> "As a direct and proximate result of the negligence, carelessness, recklessness, fault and conscious disregard for the safety of others of [Decedent], in the event that Defendants are found by this Court or a competent jury to be liable to Plaintiff[s] for the wrongful death of [Decedent] and [Plaintiffs'] alleged damages, which liability Defendants deny, and thereupon judgment is entered against Defendants, then Defendants are entitled to contribution from Plaintiff[s] for any amount that Defendants are held liable to Plaintiff[s]."

(Counterclaims, Doc. No. 65, ¶ 33; Doc. No. 66, ¶ 31)

Plaintiffs have filed identical motions to dismiss the counterclaim pursuant to Fed.R.Civ.Pro. 12(b)(1) and 12(b)(6). First, Plaintiffs argue that because the counterclaim depends on the outcome of the current litigation, it is speculative and not ripe for determination. (Memorandum of Points and Authorities, Doc. Nos. 80-1, 81-1, pp. 4-7) Second, Plaintiffs argue the counterclaim fails to state a claim because the Second Collision Doctrine bars defendants from asserting the contributory or comparative negligence of plaintiffs to mitigate their liability. (Id., pp. 8-11).

**Legal Standard**

The standards applied to a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.Pro. 12(b)(1) are the same as those applied to a motion to dismiss for failure to state a claim under Rule 12 (b)(6). See Wilson v. Duckett Truck Center, 2013 WL 384717, at *1 (E.D. Mo. Jan. 31, 2013) (citing Vankempen v. McDonnell Douglas Corp., 923 F.Supp. 146, 147 (E.D. Mo. 1996). The Court views the allegations in the counterclaim liberally in the light most favorable to the plaintiff. Beckon, Inc. v. AMCO Ins. Co., 2008 WL3982059, at *2 (E.D. Mo. Aug. 22, 2008) (citing Schmedding v. Tnemec Co., 187 F.3d 862, 864 (8th Cir. 1999)). A counterclaim should not be dismissed unless it appears, beyond a doubt, that the counter-claimant can prove no set of facts which would allow relief. Id. Thus, as a practical matter, a motion to dismiss should be granted only in a case in which a counter-claimant includes, or fails to include, allegations that show, on the face of the counterclaim, some insuperable bar to relief. Id.

**Discussion**

In assessing ripeness, courts consider the fitness of the issues for judicial decision and the hardship to the parties of withholding a decision. Kinder v. Geithner, 2011 WL 1576721, at *8 (E.D. Mo. April 26, 2011). In support of their motions to dismiss, Plaintiffs argue that because no party has yet been held liable for the damages for which Defendants claim contribution, Defendants' claim for contribution is not ripe and may not be brought until liability in this lawsuit is determined. (Doc. Nos. 80-1, 81-1, pp. 4-5) Plaintiffs further argue Defendants will not be prejudiced by dismissal of their counterclaims because they have already asserted comparative fault and contributory negligence as affirmative defenses. (Id., p. 6)

Defendants respond that while there is little case law addressing when it is proper to file a contribution claim in federal court, the recent trend, and more practical approach, has been to permit counterclaims for contribution to facilitate the litigation of all claims arising from the same occurrences in the same lawsuit. See generally Lucas v. Hertz Corp., 2012 WL 1496182, at *2 n.3 (N.D.Cal. Apr. 27, 2012); In re Oil Spill by Amoco Cadiz Off Coast of France on March 16, 1978, 491 F.Supp. 161, 165 (N.D. Ill. 1979); Index Fund, Inc. v. Hagopian, 91 F.R.D. 599, 605 (S.D.N.Y. 1981). See also 6 Fed.Prac. & Proc. Civ. § 1411 (3d ed. 2010, updated Apr. 2012) (describing this approach as "sound when the counterclaim is based on pre-action events and only the right to relief depends on the outcome of the main action"). (Response in Opposition, Doc. Nos. 85, 86, pp. 2-4). Defendants also note that under Missouri state law, contribution and indemnity claims are always permissive, and thus may be brought by a defendant either in the underlying lawsuit or in a separate action. See Hemme v. Bharti, 183 S.W.3d 593, 596 (Mo. 2006); Ingram v. Missouri Hwy. & Transp., 243 S.W.3d 504, 507 (Mo.Ct.App. 2008) (A defendant may seek contribution from a plaintiff by making a counterclaim in the pending action.). (Id., p. 5)

While claims for contribution have been held by some courts to be outside the purview of Fed.R.Civ.P. 13(a) because they are claims which are contingent on the outcome of litigation and thus not mature claims, there is ample authority to the contrary, including those cases cited supra. See also, Pouliot v. Paul Arpin Van Lines, Inc., 303 F.Supp.2d 135, 138 (D. Conn. 2004) (defendant could assert a claim for contribution in a personal injury action, even if the applicable state law prohibited claims for contribution until after a judgment of damages and a finding that contribution would be appropriate); Oneida Indian Nation of New York v. New York, 194 F.Supp.2d 104, 143 (N.D.N.Y. 2002) (counterclaims for contribution are permitted under federal rules, in order to facilitate the litigation of all claims arising from the same occurrences in the same lawsuit); Lynch v. Sperry Rand Corp., 62 F.R.D. 78, 90 (S.D.N.Y.1973) (allowing a counterclaim for contribution because it arose "out of the occurrences which are the subject matter of the opposing plaintiff['s] claim" and because "[t]he Federal Rules of Civil Procedure are designed to encourage the litigation of all the claims arising out of the same occurrences in the same lawsuit"); and Gilbert v. General Electric Co., 59 F.r.D. 267, 272 (E.D. Va. 1973) (counterclaim for contribution is ripe and permissible under rules relating to third party practice, Fed.R. Civ.Pro. 13, 14). The Court believes this approach is the better one, particularly because the Federal Rules of Civil Procedure encourage liberal inclusion of all claims to promote judicial economy and efficient adjudication. See Lucas, 2012 WL 1496182, at *2, n.3.

Plaintiffs' contention that Defendants will suffer no hardship because they have asserted affirmative defenses identical to their counterclaim overlooks the innate difference between counterclaims and affirmative defenses. Affirmative defenses challenge the plaintiff's legal right to bring an action but, unlike Rule 13 claims, do not allow for recovery. 3 Moore's Federal

Practice § 13.90[1] (Matthew Bender 3d ed.) The Court finds it is neither practical nor reasonable to dismiss Defendants' counterclaim and compel them to litigate their claim in a subsequent action.

Plaintiffs further argue that Defendants' counterclaim is improper because it relies on inadmissible evidence under the second collision doctrine. (Doc. Nos. 80-1, 81-1, p. 6) Under the second collision doctrine, a manufacturer's liability is extended to situations "in which the construction or design of its product has caused separate or enhanced injuries in the course of an initial accident brought about by an independent cause." Bass v. General Motors Corp., 150 F.3d 842, 846 (8th Cir. 1998) (quoting Polk v. Ford Motor Co., 529 F.2d 259, 264 (8th Cir. 1976). The second collision doctrine differs from the typical strict liability case in that "the defect would not have produced any injury in the absence of an intervening cause which sets the injury producing cycle into action." Id. The source of the intervening cause is irrelevant so long as the plaintiff's particular use of the product is reasonably foreseeable. Richardson v. Volkswagenwerk, A.G., 552 F.Supp. 73, 80 (D.C.Mo. 1982) (citing Polk, 529 F.2d at 266; Cryts v. Ford Motor Co., 571 S.W.2d 683, 687 (Mo.Ct.App. 1978).

To recover under the second collision doctrine, the plaintiff must prove the product was defective in condition or design when it left the hands of the manufacturer. Richardson, 552 F.Supp. at 80 (citing Keener v. Dayton Electric Mfg. Co., 445 S.W.2d 362, 364 (Mo. 1969; Cryts, 571 S.W.2d at 688). To establish the product was defective, the plaintiff must show he was injured while using it in a reasonably foreseeable manner. Id. Using a product in a reasonably foreseeable manner includes misuse and abnormal handling. Threats v. General Motors Corp., 890 S.W.2d 327, 329 (Mo.Ct.App. 1994). Finally, the plaintiff must prove the product was

unreasonably dangerous, i.e., "the product must be dangerous to an extent beyond that which would be contemplated by the user with ordinary knowledge common to the community as to its characteristics." Id.

Applying the doctrine to the present case, Plaintiffs contend that because the subject boat was being used in a reasonably foreseeable manner, Defendants' liability exists regardless of whether Plaintiffs' alleged negligence contributed to the cause of the initial crash. Plaintiffs rely on Gerow v. Mitch Crawford Holiday Motors, 987 S.W.2d 359 (Mo.Ct.App. 1999), a wrongful death action arising out of a car crash and fire. In Gerow, the driver fell asleep at the wheel, causing the car to leave the roadway and collide with a guard rail. The car's fuel tank was ruptured, setting the car on fire and killing the driver. The driver's estate alleged the placement of the fuel tank was a design defect. The court held that since driving a car on a highway is an intended use, driver error resulting in unintentional misuse (veering off the road and being involved in an accident) is reasonably foreseeable. Thus, the driver's conduct was irrelevant to proving an enhanced injury claim. Id. at 362 (citing Cryts, 571 S.W.2d at 687). Based on Gerow, Plaintiffs contend that powerboat racing on a course was a reasonably anticipated use of the subject boat, and any evidence that Plaintiffs might have caused the original collision is irrelevant and inadmissible.

In response, Defendants assert that their defense is based on evidence of Plaintiffs' comparative fault and that this case is not a second collision case. (Doc. No. 85, p. 7) Defendants distinguish Gerow from the instant case based on the fact that the court's ruling came at trial, as opposed to the pleading stage, after the parties had presented their evidence to a jury. Here, unlike Gerow, there has been no determination of the facts and evidence that may or may not be set forth

at trial. Defendants argue that dismissing their claim at this juncture would be akin to a preemptive determination that they will be unable to present any evidence at trial to support their claim. (Id., p. 11)

Defendants further argue that evidence of causation and comparative fault is relevant and admissible in a second collision case, citing Nemmers v. Ford Motor Co., 686 F.3d 486 (8th Cir. 2012). (Response, Doc. No. 85, p. 8) In Nemmers, the Eighth Circuit found the trial court properly admitted evidence of the driver's intoxication because it was relevant to issues of causation and comparative fault. 686 F.3d at 489. Plaintiffs argue Nemmers has no bearing on the instant case because it was decided under Iowa law. Nevertheless, the court's decision to admit evidence of the plaintiff's conduct was made at trial, on "sufficient credible evidence that [the driver's] intoxication proximately caused the accident," where the jury was able to conclude that "the accident would not have happened 'but for' [the driver's] intoxication," id., and not at the pleading stage of the case.

At this stage of the proceedings, the Court finds it premature to conclude that Defendants will not be able to present any evidence at trial to support their counterclaim. Whether the subject boat was used in a reasonably foreseeable manner is a factual question for trial, as is the precise cause of Plaintiffs' injuries.

**Conclusion**

For the foregoing reasons, the Court finds Defendants' counterclaim states a claim which may be asserted presently without waiting until after their liability is fixed. See In re Oil Spill, 491 F.Supp. at 165.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motions to Dismiss Defendants' Counterclaim [80, 81] are **DENIED**.

Dated this 26th day of March, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE